IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| DAUN U. SANDLIN | : | CASE NO: 18-13643AMC |
| | : | |
| Debtor | : | |
| _____ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION
OF THE SECOND AMENDED PLAN**

Debtor, Daun U. Sandlin, seeks confirmation of the First Amended Plan. For the reasons that follow, the First Amended Plan should be confirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Debtor filed the instant voluntary petition under chapter 13 of the Bankruptcy Code on June 1, 2018. Debtor filed the First Amended Plan on September 3, 2018. The Standing Chapter 13 Trustee filed an objection to confirmation on Sept 4, 2018. No creditor has filed an objection to confirmation.

As the Trustee's practice is to use form objections to confirmation (and other pleadings for that matter), with no specific allegations, Debtors' counsel in this district are burdened by reaching out to determine the facts behind the form confirmation objection "options" cut and pasted into the Trustee's objections. On September 5, Debtor's counsel contacted the Trustee by email, asking for an explanation of the objection.

Five days later, on September 10, the Trustee clarified that the objection was filed with respect to the Original Chapter 13 Plan and not the current First Amended Plan. The Trustee then

asserted that the only remaining confirmation objection was based on treatment of unsecured creditors under the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4). The sole basis of this objection is Part 5(b) of the form chapter 13 plan, which identifies $20,681.00 of non-exempt equity in the Debtor's real property. The Trustee has not challenged the $100,000.00 value of Debtor's property, supported by an appraisal that was provided to the Trustee. For the reasons that follow, the Trustee's position is completely without merit.

**LEGAL ARGUMENT**

As an initial matter, Debtor acknowledges that she has the ultimate burden of persuasion that her proposed chapter 13 plan meets all the statutory requirements for confirmation. Typically, a chapter 13 debtor meets her burden of demonstrating the viability of a chapter 13 plan based upon future income by showing a stable employment history, present employment, a current net monthly income level, or some other funding source sufficient to make proposed plan payments. Id., (citing In re Nottingham, 228 B.R. 316, 321 (Bankr. M.D. Fla. 1998)). The Trustee has not raised any objections as to Debtor's ability to pay.

**Section 1325 (a) Are Not Mandatory Requirements for Confirmation**

As an initial matter, the Trustee's form assertion that the plan "violates" § 1325(a)(4) of the Code is premised on an unsupportable foundation that this section of the Code is a requirement placed upon debtors. This question was examined in-depth and answered in the negative by the Third Circuit Court of Appeals in In re Szostek, 886 F.2d 1405 (3d Cir. 1989). There the Court compared this section to clearly mandatory language found in § 1322, "which unequivocally states 'the plan shall' do three things." Id. at 1141.

> By comparison, the language of § 1325(a) states that 'a court shall confirm a plan if' certain things occur. However, it does not state 'only if' the described events occur. Thus, the logical interpretation is that if the conditions of § 1325(a) occur, the court *must* confirm the plan. On the other hand, if the conditions of § 1325(a) are not met, although the requirements of 1322 are fulfilled, the court has the discretion to confirm the plan.

Id. The Court found further support in § 1129, which actually specifies that the court shall confirm a plan "only if" certain requirements are met. Id.

Szostek is still binding precedent in this circuit. A later district court opinion in this circuit, In re Haas, 203 B.R. 573 (E.D.Pa.1996), has distinguished Szostek on the basis that the creditor in Haas, unlike the one in Szostek, raised an objection to confirmation. Respectfully, that court missed the point of Szostek's analysis of 1325(a), which was applied precisely to address that issue. Certainly the failure of the creditor to object to confirmation (and the binding effect of confirmation) was dispositive in the Szostek case, but that creditor, Kissel, argued that it should not have had to object in the first place because the bankruptcy court should not have confirmed a plan that did not comply with the "mandatory" requirements of §1325(a). For this reason the Third Circuit went into its analysis: "If the provisions of §1325(a)(5) are mandatory, as Kissell contends, then a plan cannot be confirmed if it does not meet the requirements of that section. We must determine whether §1325(a)(5)(B)(ii) is mandatory . . ." at 866 F.2d at 1411. The answer was NO: "We conclude that the provisions of § 1325(a) are not mandatory. Instead, § 1325(a) . . . leaves an area of discretion with the court to confirm a plan which comports with the provisions of § 1322, but does not meet the conditions of § 1325(a)(5)(B)(i)-(ii). Id.

As such, even if the First Amended Plan did not provide for unsecured creditors, this court has discretion to approve the proposed plan. Debtor is 62 year old, she is supporting four adopted

children, and her primary income is adoption assistance funds, which are benefits under the Social Security Act, Adonolfi v. Meyer (In re Meyer), 543 B.R. 612 (9th Cir BAP 2016), and therefor excluded from disposable income. And of course the Court may take judicial notice that the overwhelming bulk of unsecured claims in this case are student loans, which will not be discharged.

In any case, however, Debtor has adequately funded the First Amended Plan so as to mandate confirmation over the Trustee's objection, as demonstrated by simple mathematical calculation. In a liquidation analysis, one must of course factor in the costs of sale. The rule of thumb for Philadelphia properties is 10 percent (6 percent commission and 4 percent transfer taxes) or $10,000.00.

One must also deduct the known liens on the property: the first mortgage the balance of which has been stipulated to by Debtor and the creditor at $50,830.30 (Doc. No. 31) plus the contract rate of interest required under §506(b), which is $691.15, for a total of $51,525.45; a second mortgage to the Secretary of Housing and Urban Development ($4,542.79); and a judgment lien to Cabrini University with a balance of $270 (Claim No. 6).

Finally, the Debtor would of course be entitled to her exemption under 11 U.S.C. §522(d)(1). Thus, the "best interests" of unsecured creditors is demonstrated as follows:

```
Property value:  $100,000.00
Costs of sale:   -$10,000.00
1st mortgage:    -$51,525.45
2nd mortgage:    -$ 4,542.79
Cabrini lien:    -$    270.00
Exemption:       -$23,675.00
```

Thus, the total ostensibly available for unsecured creditors under a liquidation analysis is $9,986.76.

Of course, as this Court is well aware, one cannot forget the commission of the hypothetical Chapter

7 Trustee and the penchant of Chapter 7 Trustees to throw some business to their law firms in even the simplest of asset Chapter 7 cases.  See In re Silvia Yovtcheva, No. 17-17779 (Bankr. E.D. Pa. 09/19/2018).  See also In re Charles Perricone, No.  16-15743 (Bank. E.D. Pa., Trustee's counsel awarded $868,.36 for work that clearly fell within the duties of the Chapter 7 trustee).

The First Amended Plan is sufficiently funded to pay a minimum of $8,448.00 to unsecured creditors, assuming a Chapter 13 Trustee commission of 10 percent.  The Trustee's current commission rate of 7.9 percent and has not risen over 8 percent in well over five years.  The unsecured claims filed to date total $11,928.31, of which the largest is student loan debt of $9,062.05 owed to Pennsylvania Higher Education Assistance Agency (Claim No. 1).  And, of course, what is not paid to PHEEA will not be discharged.[1]

**CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that the Court enter an Order Confirming the First Amended Plan.

   /s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
215-925-1002; 215-689-4809 (fax)
Alfonsomadrid.esq@gmail.com

---

[1] It is true that the bar date for governmental claims has not yet passed, but the only other such claims scheduled are the $80,000 in federal student loan debt, which will not be discharged.