**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE | : | CHAPTER 13 |
|  | : |  |
| DAUN U. SANDLIN | : | CASE NO: 18-13643ELF |
|  | : |  |
|  | : |  |
| Debtor | : |  |
|  | : |  |

**DEBTOR'S RESPONSE TO THE MOTION
REQUESTING RELIEF FROM THE AUTOMATIC STAY**

The Debtor, through counsel, responds to the Motion of MidFirst Bank ("Movant"), for relief from the automatic stay as to Debtor's residence at 6331 Ross St, Philadelphia, PA 19144 (the "Property") as follows:

1.      Admitted.

2.      Denied as stated.  Debtor is the sole owner of the Property.

3.      Denied as stated.  Debtor admits that there are documents recorded at the book and page number and document identification numbers identified, but any legal characterization of these documents is denied.  By way of further response, the note and mortgage that are the basis of Movant's claim of interest in the Property were reduced to a judgment in the amount of $51,274.70 on March 6, 2018. See Midfirst Bank v. Sandlin, No. 170504072 (Phila. Com. Pleas) (hereinafter, the "Judgment"). The doctrine of merger of judgments provides that the terms of a contract, in this case the note and mortgage, are merged into a judgment and thereafter no longer provide the basis for determining the obligations of the parties. Youngman v. Fleet Bank (In re A&P Diversified Technologies Realty, Inc., 467 F.3d 337, 341 (3d Cir. 2006); In re Stendardo, 991 F.2d 1089, 1094-95 (3d Cir. 1993).

4.      Admitted.

5.       Denied as stated.  The foreclosure lawsuit was concluded by entry of judgment prepetition.  Admitted that enforcement of the judgment through a sheriff sale of the Property was stayed by the filing of the petition.

6.       Denied.  To the extent that this allegation implies that Debtor has any obligation to remit payment for taxes to the Movant, that allegation is denied.

7.       Denied as stated.  Debtor admits that there is a balance still owed to the City of Philadelphia for 2020 real estate taxes on the Property.  By way of further response, it is well-established that real estate taxes in Philadelphia are not delinquent until the end of the tax year.  See Pennsylvania Co. v. N. Seventh St. Sav. & Loan Ass'n, 49 Pa. D. & C. 542, 544 (Mun. 1944).  Until the 2020 taxes are recorded in the relevant registry as delinquent, which cannot happen until after January 15, 2021, no action can be taken against the Property for delinquent taxes.  Id. See also 52 P.S. §16031.  Debtor intends to have her taxes paid by the end of the year.  For these reasons, Movant's security interest is in fact adequately protected.  Moreover, the Court should note that there is an equity cushion well over $65,000 and Debtor is current on plan payments.

8.       Denied.

9.       This is a conclusion of law to which no response is required.  To the extent a response is required, this allegation is denied. Movant has no rights to seek reimbursement of any amount or the fees/costs of the Motion.

WHEREFORE the Debtor requests that the Motion be DENIED.

   /s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Community Legal Services of Philadelphia
Attorney for Debtor
1410 W. Erie Ave.
Philadelphia PA 19140
(215) 215-227-4795
amadrid@clsphila.org